IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **LEANN M. DYKES,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| **NATIONAL INSTITUTES OF HEALTH, NATIONAL INSTITUTE OF ALLERGY and INFECTIOUS DISEASES, UNITED STATES OF AMERICA,** | ) |
| and | ) |
| **ECOHEALTH ALLIANCE,** | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW the Plaintiff, Leann M. Dykes, by and through her attorney, R. Bruce Kips, and states the following as and for her cause of action against the Defendants herein.

1. Plaintiff Leann M. Dykes is a resident of Jackson County, Missouri, and is the widow of Jimmy C. Dykes, deceased.

2. Defendant National Institutes of Health ("NIH") is a Federal agency of the United States located in Bethesda, Maryland.

3. Defendant National Institute Of Allergy and Infectious Diseases ("NIAID") is a Federal agency of the United States located in Bethesda, Maryland.

4. Defendant United States of America oversees the NIH and NIAID.

5. Defendant Ecohealth Alliance ("EHA") is a nonprofit organization located in New York, New York. EHA supports research into coronaviruses. Peter Daszak, as President of EHA, is responsible for ensuring that research with infectious agents is conducted responsibly.

6. Defendants National Institutes of Health, National Institute of Allergy and Infectious Diseases, and the United States are being sued pursuant to the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b) and 2671, et seq. ("FTCA").

7. Defendant Ecohealth Alliance is being sued pursuant to the provisions of the Missouri Wrongful Death Statute, Section 537.080, RSMo 2020.

8. More than six months before this action was instituted, the claim set forth herein was presented to the NIH and NIAID by mailing Standard Form 95 with supporting documentation by certified mail, return receipt requested, to both federal agencies on April 28, 2022. Said agencies having failed to make a final disposition of the claim within that time, Plaintiff deems such failure to be a denial thereof.

9. Francis S. Collins is a former employee and Director of the NIH. At all times herein, Mr. Collins was Director of the NIH and acting within the scope of his employment. As Director of the NIH, Mr. Collins was responsible for ensuring that research with infectious agents is conducted responsibly.

10. Anthony Fauci is an employee and the Director of the NIAID. At all times herein, Mr. Fauci was acting within the scope

2

of his employment. As Director of the NIAID, Mr. Fauci serves as the chief liaison with the National Institutes of Health (NIH) director. Mr. Fauci is also responsible for ensuring that research with infectious agents is conducted responsibly.

### Jurisdiction and Venue

11. Jurisdiction against the NIH, NIAID and the United States is proper in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq. ("FTCA"). Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

12. Jurisdiction against Defendant EcoHealth Alliance is proper in this Court pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### Count I - Negligence

13. On or about September of 2019, the COVID-19 virus leaked from the Wuhan Institute of Virology Laboratory in Wuhan, China, which was actively performing research into coronaviruses, including gain of function research.

3

14. Gain of function research is research that involves experimentation and is expected to increase the transmissibility and/or virulence of pathogens. Gain of function research aims to make viruses more infectious and deadlier or more virulent, often to humans. Gain of function experiments are conducted to make viruses more contagious or deadly.

**Defendants NIH, NIAID and United States**

15. Prior to the laboratory leak, the NIH and NIAID funded over $826,000 from 2014 to 2019 to the Wuhan Institute of Virology through a sub-grant from a larger grant to Defendant EHA. In 2019, the NIH and NIAID funded over $76,000 to the Wuhan Institute of Virology through Defendant EHA.

16. The United States, acting by and through Mr. Collins and Mr. Fauci, was negligent and careless in one or more of the following respects:

(a) At the time NIH and NIAID funded monies to the Wuhan Institute of Virology, Mr. Collins and Mr. Fauci, knew or should have known that the Wuhan Institute was conducting research into coronaviruses, including gain of function research.

(b) At the time NIH and NIAID funded monies to the Wuhan Institute of Virology, Mr. Collins and Mr. Fauci knew or should have known that there existed serious biosafety problems at the Wuhan Institute of Virology.

4

(c) At the time NIH and NIAID funded monies to the Wuhan Institute of Virology, Mr. Collins and Mr. Fauci knew or should have known that they had no oversight and no way of knowing how safe the laboratories were where these risky experiments were taking place.

17. Notwithstanding these facts, Mr. Collins and Mr. Fauci negligently and carelessly funded monies to the Wuhan Institute of Virology which they had no supervision nor control over.

**Defendant EHA**

18. Defendant EHA, acting by and through its President, Peter Daszak, and agents and employees, was negligent and careless in one or more of the following respects:

(a) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that the Wuhan Institute was conducting research into coronaviruses, including gain of function research.

(b) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that there existed serious biosafety problems at the Wuhan Institute of Virology.

(c) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that he had no oversight and no way of knowing how safe the laboratories were where these risky experiments were taking place.

19. Notwithstanding these facts, EHA negligently funded funded monies to the Wuhan Institute of Virology which EHA had no

5

supervision nor control over.

20. That said negligence of Defendants NIH, NIAID, United States and EHA as set forth above directly and proximately caused or contributed to cause the deceased to die and also to endure pain and suffering between the time he contracted COVID-19 and the time of his death. Plaintiff is entitled to a claim of damages based on this pain and suffering, all pursuant to the Missouri Wrongful Death Statute.

21. That said negligence of Defendants NIH, NIAID, United States and EHA as set forth above also directly caused or contributed to cause Plaintiff to suffer the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support by reason of death. Furthermore, Plaintiff suffered pecuniary losses including medical and funeral expenses all by reason of the death.

22. As a direct and proximate result of the negligent actions and omissions of Defendants NIH, NIAID, United States and the EHA in funding monies to the Wuhan Institute Of Virology, the Wuhan Institute created a deadly coronavirus that leaked from its laboratory and spread worldwide, causing the death of Jimmy C. Dykes, Plaintiff's husband.

23. The actions and omissions of Defendants NIH, NIAID, United States and EHA proximately caused or contributed to cause the deceased to die and also to endure pain and suffering between the time of injury and the time of death.

24. The actions and omissions of Defendants NIH, NIAID, United States and EHA causing or contributing to cause the deceased's death also proximately caused or contributed to cause Plaintiff to suffer loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support by reason of death. Furthermore, Plaintiff suffered pecuniary losses including medical and funeral expenses by reason of decedent's death.

WHEREFORE, the Plaintiff, Leann M. Dykes, prays for judgment against Defendants in an amount that will fairly and reasonably compensate her for her damages, for costs incurred, and for such other relief as the Court deems just and proper.

**Count II - Strict Liability (Defendant EcoHealth Alliance)**

25. Plaintiff realleges and incorporates by reference thereto the allegations contained in paragraphs 1 through 24 of Count I as though fully set forth.

26. Defendant EHA is also liable to the Plaintiff under the theory of strict liability.

27. Strict Liability is liability without fault–liability unaccompanied by the concepts of guilt, blame or responsibility that traditionally characterize negligence or intentional torts.

28. Missouri has adopted, and closely follows, the elements of strict liability outlined in Restatement (Second) Of Torts §§519,520 (1977). Bennett v. Mallinckrodt, Inc., 698 S.W.2d 854 (Mo.App. E.D. 1985). Under §519, one who engages in an abnormally

7

dangerous activity is liable for resulting harm, regardless of care taken to prevent it, if the harm is the type of risk of which makes the activity abnormally dangerous in the first place.

29. Defendant EHA, in funding monies the Wuhan Institute of Virology to conduct research into coronaviruses, engaged in an abnormally dangerous activity, and is liable for the resulting harm to the Plaintiff's deceased husband, Jimmy Dykes, regardless of any care taken by EHA to prevent it, given that the harm is the type of risk which makes the activity abnormally dangerous in the first place.

WHEREFORE, the Plaintiff, Leann M. Dykes, prays for judgment against the Defendant EHA for such damages as are fair and reasonable in an amount in excess of $75,000.00, for costs incurred, and for such other relief as the Court deems just and proper.

/s/ R. Bruce Kips

_____

R. Bruce Kips
Missouri Bar No. 31608
BMO Harris Bank Building
6333 Long Avenue, Suite 380
Shawnee, Kansas 66216
913-962-9800 - Phone
913-962-0814 - Fax
rkips@aol.com - E-Mail

ATTORNEY FOR PLAINTIFF

8

Case 4:22-cv-00774-BCW   Document 1   Filed 11/23/22   Page 8 of 9

**DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW the Plaintiff, by and through her attorney, R. Bruce Kips, and hereby demands a trial by jury in this matter, and designates the Western Division of the United States District Court for the Western District of Missouri as the place of trial.

/s/ R. Bruce Kips

_____

R. Bruce Kips